IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. 22-cr-40006-SMY
                                    )
DIANA M. TRACY,                     )
                                    )
            Defendant.              )

## ORDER

**YANDLE, District Judge:**

Defendant Diana M. Tracy pleaded guilty to conspiracy to distribute controlled substances (Count 1) and was sentenced to a 5-year term of probation with the first 12 months to be served on home detention on August 24, 2023 (Docs. 94, 96). Now pending before the Court is Tracy's *pro se* Motion for Early Termination of Probation (Doc. 105), to which the United States and Probation object (Doc. 109).

After considering the relevant factors listed in 18 U.S.C. § 3553(a), the Court may terminate a defendant's term of supervised release at any time after he has served one year of the term if it is satisfied that early termination is warranted by the defendant's conduct and the interest of justice. 18 U.S.C. § 3583(e)(1); *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011). Defendant asserts that being on probation is a hinderance to the restoration of her medical license. The Government and Probation oppose Defendant's request for early termination based on concerns with her mental health status and to continue monitoring her in the community.

Defendant was convicted of conspiracy to distribute controlled substances while working as a psychiatrist for the Veterans Affair Medical Center. Notwithstanding the seriousness of the offense, and in part due to Defendant's mental health status, the Court sentenced her to 5 years'

probation. As of this date, Defendant has served just over two years of that term, during which she has had several concerning psychiatric episodes.

The Court finds that continuing probation is necessary to monitor Defendant's mental health status and treatment, so that she can safely be reintegrated into society.  Given the nature and circumstances of the underlying offense, the need for specific deterrence and to protect the public, termination at this juncture cannot be substantiated.  Accordingly, Defendant's Motion for Early Termination of Supervised Release (Doc. 105) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  September 18, 2025**

**STACI M. YANDLE**
**United States District Judge**